IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MATTHEW GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>SHELLIE STICHMAN, AMANDA ROOS, and RUSS OSTWALT,<br><br>Defendants. | CV 17-00018-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Matthew Griffin's Complaint filed pursuant to 42 U.S.C. § 1983. Mr. Griffin alleges Defendants violated his federal constitutional rights by failing to provide him mental health treatment while he was on parole, and by issuing false statements in a report of violation. (Doc. 2.) The Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## I. STATEMENT OF CASE

### A. Parties

Mr. Griffin is a prisoner incarcerated at Montana State Prison. The named Defendants are Shellie Stichman, Amanda Roos, and Russ Ostwalt, all probation and parole officers for the State of Montana. (Doc. 2 at 1-2.)

1

### B. Allegations

In Count I of his Complaint, Mr. Griffin alleges the Montana Parole Board required Defendants to obtain a mental health evaluation for him while he was on parole. (Doc. 2 at 3.) He maintains they did not do so, thus denying him mental health treatment and mental health medications for his depression and post traumatic stress disorder. *Id.* In Count II, he alleges Defendant Stichman made false statements in a report of violation. (Doc. 2 at 6.)

According to documents from the Montana Probation and Parole Department attached to the Complaint, Mr. Griffin was furloughed on February 10, 2016, found employment, and was paroled. (Doc. 2-1 at 4.) The record indicates that a referral for a mental health evaluation was made for him to a contracted DOC therapist, but Mr. Griffin failed to make an appointment. *Id.*

It appears that Mr. Griffin's parole was subsequently revoked, and that is the basis for his current incarceration at the Montana State Prison.

## II. SCREENING PURSUANT TO 28 U.S.C. § 1915

### A. Standard

As Mr. Griffin is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. These statutes require the Court to review a complaint filed in forma paueris and dismiss it or portions

thereof before it is served upon the defendants if it finds that the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

**1. Count I: Denial of Mental Health Treatment**

The Eighth Amendment to the United States Constitution requires that the

government "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "In order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Specifically, the prisoner must allege that defendant "kn[ew] that the prisoner face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Ninth Circuit, following *Estelle*, has found that "allegations that a prison official has ignored the instructions of a prisoner's treating physician are sufficient to state a claim for deliberate indifference." *Wakefield v. Thomas*, 177 F.3d 1160, 1165 (9th Cir. 1999).

Mr. Griffin, however, has failed to state a claim for deliberate indifference under the Eighth Amendment. Generally, the state is not required to provide medical care to a parolee, because parolees are no longer incarcerated and unable to provide for their own care. *See DeShaney v. Winnebago County*, 489 U.S. 189, 190-200 (1989); *see also Sisco v. California*, 2007 WL 1470145, at *20 (E.D. Cal. May 18, 2007) (finding no Eighth Amendment liability against a parole officer because "[o]bligations under the Eighth Amendment only arise under during plaintiff's incarceration" and the plaintiff "was free to seek medical care while on

4

parole").

The Ninth Circuit has outlined a narrow exception to this rule, holding that "the state must provide an outgoing prisoner who is receiving and continues to require medication with a supply sufficient to ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply." *Wakefield*, 177 F.3d at 1164. "A state's failure to provide medication sufficient to cover this transitional period amounts to an abdication of its responsibility to provide medical care to those, who by reason of incarceration, are unable to provide for their own medical needs." *Id.* The Ninth Circuit recognized that "it may take a number of days, or possibly even weeks, for a recently released prisoner to find a doctor, schedule an examination, obtain a diagnosis and have a prescription filled." *Id.*

Applying these principles, the Ninth Circuit found that the parolee in *Wakefield* had stated a claim for deliberate indifference under the Eighth Amendment. The parolee's treating physician had prescribed two-weeks' worth of psychotropic medication to be dispensed by the prison authorities at the time of the parolee's release, and the prison officer handling his release failed to provide the parolee with these medication or make any effort to help the parolee procure the required medication. *Id.* at 1165. Central to the Court's finding was the fact

5

that the prison official had contravened the instructions of the plaintiff's treating physician during the parolee's transitional period. *See Id.*

The exception outlined in *Wakefield* is not applicable to Mr. Griffin's situation. Mr. Griffin has not alleged that his treating physician prescribed him required medication or treatment, or that any Defendant ignored the instructions of a treating physician. Rather, he alleges that Defendants failed to arrange for mental health treatment. Mr. Griffin was not in custody; and therefore, he could have sought mental health treatment on his own. Accordingly, the Court finds that the facts alleged in the Complaint are insufficient to demonstrate that Defendants were deliberately indifferent within the meaning of the Eighth Amendment.

### 2. Count II: False Statements in the Report of Violation

In *Heck v. Humphrey*, 512 U.S. 477 (1994) the Supreme Court held,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus.

Id. at 486–87.

Mr. Griffin's alleges in Count II of his Complaint that Defendant Stichman "submitted a 'Report of Violation' to the Montana Board of Pardons and Parole

alleging that [Griffin] violated the terms and conditions of his parole . . . ." (Doc. 2 at 6.) He further alleges that statements in the report were false, and the report "was the sole document relied upon by the Board of Pardons and Parole to base a revocation decision." (Doc. 2 at 6-7.)

Based upon Mr. Griffin's allegations, it is clear that any decision regarding allegedly false statements made in the report of violation would necessarily implicate the validity of the revocation of his parole, and therefore his continuing confinement. This is clearly prohibited by the doctrine set forth in *Heck*, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (§ 1983 action based on allegation that parole board relied on false information to deny parole dismissed because "a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole.")

A decision regarding Mr. Griffin's claims would necessarily imply the validity of his continued confinement, and as such cannot be brought unless or until his conviction or sentence is reversed, expunged, invalided or impugned by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487. As such, Mr. Griffin

7

has failed to state a cognizable claim under section 1983.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Griffin may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of August, 2017.

                                      Timothy J. Cavan
                                      United States Magistrate Judge